Kevin R. McCarthy, VSB No. 14273
McCarthy & White, PLLC
1751 Pinnacle Drive, Suite 1115
McLean, VA 22102
703-770-9261
krm@mccarthywhite.com
Attorneys for Trustee

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| In re: | \* | |
| | \* | |
| CHEOL MI RIM, | \* | Case No. 15-13174-BFK |
| | \* | (Chapter 7) |
| Debtor(s). | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

TRUSTEE'S MOTION TO SELL PROPERTY OF THE ESTATE BACK TO DEBTOR

Kevin R. McCarthy, Trustee, moves the Court for authorization to sell property of the estate back to the Debtor Cheol Mi Rim pursuant to 11 U.S.C. § 363(b) and Federal Rule of Bankruptcy Procedure 6004(a)-(b) on the terms and conditions set forth in his Notice Of Intention To Sell Property Of The Estate filed simultaneously with this Motion, and to take any actions provided therein without further Order of the Court, namely:

PROPERTY FOR SALE: all non-exempt assets of the Debtor, consisting primarily of her interests in Jun & Jin, Inc. ("the Restaurant"), a John Hancock Life Insurance Company policy ("the Policy"), and the real property located at 231 2nd Street, NW, Washington, DC 20001 ("the Real Property").

LEGAL DESCRIPTION OF THE REAL PROPERTY: Lot 14 in C.A. McEuen's Subdivisions of Lots in Square 574, as per plat recorded in Liber H. D. C. at Folio 227 in the Office of the Surveyor for the District of Columbia. The Real Property tax identification number is Square 0575 Lot 0014.

TYPE OF SALE: Private.

PRIVATE SALE PRICE: $100,000, of which $25,000 has already been paid and is non-refundable if the Debtor fails to close on the sale for any reason except failure of the Court to approve the sale. The Restaurant, the Policy, and the Real Property are being sold subject to all existing encumbrances. The Policy is collateral for a loan or loans to the Debtor by Freedom Bank of Virginia ("the Freedom Bank Loans"). The Real Property is also collateral for two loans to the Debtor by Freedom Bank of Virginia ("the Freedom Bank Loans"). The Freedom Bank Loans have a combined principal balance of approximately $575,000.

  VALUE OF PROPERTY FOR SALE.  The Restaurant, which operates at the Real Property, generated a tax loss in 2014 and total earnings by the Debtor as employee of about $27,000 for a six month period in 2015.  The Trustee does not believe it has meaningful value independent of the Debtor's contribution as an employee and its location at the Property.  The Policy has a cash surrender value of about $10,000.  The Real Property was appraised in March 2014 for $655,000 in "as-is" condition and $720,000 in "as completed" condition, and is currently assessed for real estate tax purposes at $510,160.  Prior to entering into the proposed sale arrangement, the Trustee consulted with an auctioneer/realtor, who suggested marketing the Restaurant and the Real Property for a combined price of $749,900.

  BUYER:  Cheol Mi Rim, the Debtor.

  TIME AND PLACE OF SALE:  Within three business days of Court approval.  As a practical matter, no closing except payment of the remainder of the sale price will be necessary because the Restaurant, the Policy, and the Real Property are already in the Debtor Cheol Mi Rim's name.

  LIENS:  None on sale proceeds.  Both the Policy and the Real Property will remain as collateral for the Freedom Bank Loans.

  DEBTOR'S EXEMPTIONS:  None.

  TAX CONSEQUENCES TO ESTATE BY SALE:  After consulting with his prospective accountant, the Trustee expects the proposed transaction to result in federal and state income taxes totaling approximately $15,000.  If the same assets were sold to a third party for $749,900, the Trustee would expect the transaction to result in federal, District of Columbia, and state income taxes totaling approximately $100,000, due primarily to the Debtor's tax basis in the Real Property and the effect of depreciation recapture.  As a result, although the net sale proceeds excluding income taxes from a third party sale for $749,900 (about $125,000) would be more than the net sale proceeds excluding income taxes from the proposed sale to the Debtor ($100,000), the net sale proceeds including income taxes from the proposed sale to the Debtor ($85,000) are expected to be more than the net sale proceeds including income taxes from a third party sale for $749,900 ($25,000).

  NET SALE PROCEEDS ESTIMATED TO BE PAID TO ESTATE:  $100,000.00.

  APPLICABILITY OF FEDERAL RULE OF BANKRUPTCY PROCEDURE 6004(h):  Entry of an Order granting the Trustee's Motion will constitute a Court determination that the Order be immediately effective.

  Wherefore, the Trustee requests the Court to enter the attached proposed Order.

        Respectfully submitted,

        /s/ Kevin R. McCarthy
        Kevin R. McCarthy, VSB No. 14273
        McCarthy & White, PLLC
        1751 Pinnacle Drive – Suite 1115
        McLean, VA  22102
        (703) 770-9261
        krm@mccarthywhite.com
        Attorneys for Trustee

CERTIFICATE OF SERVICE

      I hereby certify that on the 11th day of February, 2016 I served a copy of the foregoing, including the attached proposed Order, through the court's ecf system on all registered ecf participants who have appeared in this case.

                                          /s/ Kevin R. McCarthy
                                          Kevin R. McCarthy